UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14171-GAO

QI HE,
Plaintiff,

v.

GREEN TREE SERVICING, LLC, FANNIE MAE,
BANK OF AMERICA, N.A., and HARMON LAW OFFICES, P.C.,
Defendants.

ORDER
October 19, 2015

O'TOOLE, D.J.

The plaintiff's Motion for Reconsideration to Remand (dkt. no. 31) is DENIED. First, although Fannie Mae may have mistakenly pled in its removal papers that it was served with the complaint, it is immaterial with respect to remand whether a party was formally served prior to removal. See 28 U.S.C. §§ 1441(a) and 1446(b); see also Sutler v. Redland Ins. Co., No. 12-10656-RWZ, 2012 WL 5240124, at *2 (D. Mass. Oct. 24, 2012) (collecting cases). Second, federal jurisdiction in this matter is not based upon diversity of citizenship. See 28 U.S.C. § 1332. The plaintiff appears to allege violations of the Real Estate Settlement Procedures Act ("RESPA") and Fair Debt Collection Practices Act ("FDCPA").[1] Because RESPA and FDCPA arise under federal

---

[1] There is some confusion because the plaintiff's filed complaint alleges a violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691. (Notice of Removal Ex. A at ¶¶ 142-56 (dkt. no. 1-3).) However, she appears to seek to pursue claims under the FDCPA, 15 U.S.C. § 1692, based upon the complaint served on Harmon Law Offices, P.C. and her opposition to Harmon's motion to dismiss. (See Pl.'s Opp'n to Def. Harmon's Mot. to Dismiss (dkt. no. 12); Def.'s Harmon Law Offices, P.C.'s Post-Hearing Submission Ex. 1 at ¶¶ 142-56 (dkt. no. 20-1).)

law, this Court has jurisdiction over those claims pursuant to 28 U.S.C. § 1331. Further, the Court has supplemental jurisdiction over the remaining related claims pursuant to 28 U.S.C. § 1367.

The plaintiff's motion to obtain permission to appeal (dkt. no. 32) is DENIED as the order denying remand does not involve a controlling question of law as to which there is substantial ground for difference of opinion. See 28 U.S.C. § 1292(b). The plaintiff's motions to stay (dkt. nos. 33 and 41) are DENIED.

As directed in the Order dated August 13, 2015 (dkt. no. 29), the plaintiff shall have until November 12, 2015 to serve Bank of America, N.A. The plaintiff's deadline for filing an amended complaint naming as a plaintiff the co-owner of the property at issue is extended an additional fourteen (14) days from the date of this Order.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge